[934 NYS2d 101]

In the Matter of Thomas A. Farinella, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, November 17, 2011

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jun Hwa Lee* of counsel), for petitioner.

*Scalise & Hamilton LLP*, Scarsdale (*Sara Jo Hamilton* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Thomas A. Farinella was admitted to the practice of law in the State of New York by the Second Judicial Department on March 13, 2002. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

Now pending before this Court is the Departmental Disciplinary Committee's (Committee) petition to impose reciprocal discipline upon respondent based upon a three-month suspension imposed by the Southern District of New York, and respondent's motion, pursuant to 22 NYCRR 603.16 (c), for an order suspending him on an interim basis on the grounds that he is suffering from a mental infirmity, staying all disciplinary proceedings (including the reciprocal disciplinary proceeding), and sealing all papers submitted in connection with this application.

In the summer of 2009 and winter of 2010, respondent was sanctioned for his conduct in two separate United States Bankruptcy Court matters, and was subsequently referred to the Committee on Grievances for the Southern District of New York. Although he originally defaulted in filing a response to the Grievance Committee's May 2010 order to show cause, in August 2010 counsel made an appearance on his behalf and filed an answer in September 2010. By order of September 23, 2010, the Southern District suspended respondent for a period of three months. That order is the basis for the Committee's current motion for reciprocal discipline.

Meanwhile, in July 2010, the Committee served respondent with a notice of 45 charges alleging, among other things, improper charges to a client's credit card, failure to cooperate with the Committee, neglect of numerous client matters, and failure to carry out contracts of employment and to return unearned fees. A Referee conducted three days of hearings on liability at the end of October 2010, during which respondent testified. By letter dated April 26, 2011, the Referee notified this Court and the parties that the sanction hearing would take place on June 1, 2011.

Shortly after that notification, respondent filed the other motion at issue, namely, a motion seeking his interim suspension based upon mental infirmity, to stay all disciplinary proceedings

against him, and to seal all papers submitted in connection with this application. This Court subsequently so-ordered a stipulation among the parties agreeing, inter alia, to stay the pending disciplinary proceedings, with the exception of the petition for reciprocal discipline, pending this Court's decision on respondent's motion for disability suspension and to stay disciplinary proceedings. Respondent consented to an interim suspension pending decision on his motion.

Although respondent agreed in the stipulation for interim relief that all proceedings *except for* the reciprocal discipline proceeding be stayed, in this full bench motion he asks that all proceedings, including the reciprocal discipline matter be stayed or, in the alternative, that any suspension imposed by this Court in connection with the reciprocal discipline proceeding be concurrent with the interim suspension based on disability (as the Committee consented to in paragraph four of the stipulation filed in connection with the interim application).

Although the Committee does not oppose respondent's request for an interim suspension based upon mental disability in light of the opinion of respondent's treating psychiatrist, Dr. Grossman, that respondent is *currently* incapacitated, the Committee does take exception with his contention that he was not able to assist in his defense eight months ago before the Referee. The Committee argues further that 22 NYCRR 603.16 (c) (1) was not enacted to apply retroactively and the Departmental Disciplinary Committee finds it "troubling that [he] belatedly contends now that he was too depressed to have assisted in his own defense." Although the Committee does not oppose a stay of the balance of the disciplinary proceedings, it does oppose respondent's request for a stay of the Committee's petition for reciprocal discipline on the ground that respondent has not provided any reason to stay the reciprocal proceeding. The Committee takes no position with respect to respondent's requests for an order sealing all papers and, if and when respondent requests reinstatement, the Committee asks that he be examined, pursuant to 22 NYCRR 603.16 (b), by a qualified expert as this Court designates to determine his mental capacity.

Respondent has provided sufficient proof that he is currently suffering from a mental infirmity which makes it impossible for him to adequately defend himself in the disciplinary proceedings pending against him and, therefore, he should be immediately suspended pursuant to 22 NYCRR 603.16 (c) (1). Dr. Paula Grossman, respondent's psychiatrist since 1986, testified

that the then 10-year-old respondent was referred to her by his school due to behavioral issues and other difficulties resulting from attention deficits and hyperactivity. She further reported that respondent, in the preceding 10 years, has suffered from a series of severe life stresses that have impeded his ability to follow through on his responsibilities and manage his private law practice. Dr. Grossman opined, inter alia, that at this time respondent is "psychiatrically disabled and cannot maintain a practice of law. Since he shuts down during stressful situations he is not able to adequately contribute to his defense or other legal processes."

The decision on the merits with respect to the Committee's petition for reciprocal discipline is hereby deferred. If and when it is determined that respondent's disability no longer exists, and respondent can adequately defend himself, then both the reciprocal discipline matter and the sanction hearing on the charges can proceed.

Respondent's further request for an order sealing the matter, except for disclosure of the fact that he has been suspended based upon mental infirmity, is denied.

Accordingly, respondent's motion, pursuant to 22 NYCRR 603.16 (c), for an order suspending him on an interim basis on the grounds that he is suffering from a mental infirmity and staying all disciplinary proceedings (including the reciprocal disciplinary proceeding), should be granted, his further request for an order sealing all papers submitted in connection with this application denied, and a decision on the Committee's petition to impose reciprocal discipline is deferred until such time as respondent's disability no longer exists and until further order of the Court.

MAZZARELLI, J.P., SWEENY, FREEDMAN, MANZANET-DANIELS and ROMÁN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, pursuant to 22 NYCRR 603.16 (c), effective the date hereof, until further order of this Court, and the underlying disciplinary proceedings held in abeyance, as indicated. Petition and motion otherwise denied.