[984 NYS2d 593]

In the Matter of THOMAS A. FARINELLA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 8, 2014

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Jun Hwa Lee* of counsel), for petitioner.

*Scalise & Hamilton LLP* (*Sarah Jo Hamilton* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Thomas A. Farinella was admitted to the practice of law in the State of New York by the Second Judicial Department on March 13, 2002. At all times relevant herein, respondent has maintained an office for the practice of law within the First Department.

By corrected order and per curiam dated December 9, 2011, this Court determined that respondent had provided sufficient proof that he was suffering from a mental infirmity which made it impossible for him to defend himself in disciplinary proceedings pending against him, and, therefore, we immediately suspended him from the practice of law pursuant to 22 NYCRR 603.16 (c) (1). We deferred determination on the reciprocal discipline motion and held in abeyance the underlying disciplinary proceeding, finding that "[i]f and when it is determined that respondent's disability no longer exists, and respondent can adequately defend himself, then both the reciprocal discipline matter and the sanction hearing on the charges can proceed" (*Matter of Farinella*, 91 AD3d 35, 38 [1st Dept 2011]).

By order dated October 10, 2013, this Court reinstated respondent to the practice of law, effective that date, on condition that he continued to be monitored by the New York City Bar Association's Lawyer Assistance Program for a period of three years.

The Departmental Disciplinary Committee (Committee), by letter dated November 29, 2013, now asks this Court to reactivate its petition for reciprocal discipline originally dated April 1, 2011. The motion seeks to impose reciprocal discipline upon respondent based upon a three-month suspension imposed by the United States District Court for the Southern District of New York, or, in the alternative, to sanction him as this Court deems appropriate.

In the present proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3 (c), the only defenses available to respondent are lack of notice and opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; an infirmity of proof establishing the misconduct presented to the foreign jurisdiction; and that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in New York (*see Matter of Hoffman*, 34 AD3d 1 [1st Dept 2006]).

The Committee is correct that none of the above defenses are available to respondent. Respondent was served with the May 2010 order to show cause, filed an affirmation in response, and was provided with an opportunity to defend himself in the underlying bankruptcy matters. Further, the bankruptcy orders and respondent's undisputed violation of the orders constitute proof of his misconduct. Finally, respondent lacks a defense under section 603.3 (c) (3) since the Southern District made specific findings that respondent's conduct violated two rules of the New York Rules of Professional Conduct (22 NYCRR 1200.0), namely, rules 1.1 (a) and 3.2.

Accordingly, the Committee's motion for reciprocal discipline should be granted to the extent that respondent should be suspended from the practice of law in the State of New York for a period of three months, nun pro tunc to September 23, 2010, and respondent reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof.

MAZZARELLI, J.P., SWEENY, FREEDMAN, MANZANET-DANIELS and GISCHE, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three months, nunc pro tunc to September 23, 2010, and respondent reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof.