Matter of Fisher (2015 NY Slip Op 06046)





Matter of Fisher


2015 NY Slip Op 06046


Decided on July 9, 2015


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2015
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

John W. Sweeny, Jr.,Justice Presiding,
Karla Moskowitz
Paul G. Feinman
Judith J. Gische
Darcel D. Clark, Justices.


M-310 M-5318 

[*1]In the Matter of Ivan S. Fisher, an attorney and counselor-at-law: Departmental Disciplinary Committee for the First Judicial Department, Petitioner, Ivan S. Fisher, Respondent.



Disciplinary proceedings instituted by the Departmental Disciplinary Committee for the First Judicial Department. Respondent, Ivan S. Fisher, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on December 18, 1968.



Jorge Dopico, Chief Counsel, Departmental
Disciplinary Committee, New York
(Vitaly Lipkansky, of counsel), for petitioner.
Sarah Diane McShea, for respondent.
(M-5318/


PER CURIAM


Respondent Ivan S. Fisher was admitted to the practice of law in the State of New York by the Second Judicial Department on December 18, 1968. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.
By order dated March 14, 2013, the United States District Court for the Southern District of New York disbarred respondent for, inter alia, misappropriation and conversion of client funds (Code of Professional Responsibility DR 9-102[a][22 NYCRR 1200.46(a)] and DR 1-[*2]102[a][4][22 NYCRR 1200.3(a)(4)], which order was affirmed by the Second Circuit Court of Appeals on July 22, 2014. The events giving rise to the federal disbarment need to be recounted in some detail in order to give context to the motion and cross motion currently pending before us.
In 2004, Abrahim Raphael retained respondent to represent him in connection with a federal criminal investigation and subsequent indictment concerning his role in the embezzlement of funds from his employer, International Gemological Institute (IGI). On September 13, 2005, Raphael pled guilty in the United States District Court for the Southern District of New York to conspiracy to commit money laundering and conspiracy to commit wire fraud (18 USC §§ 371, 1349, 1956[h]). His sentencing was adjourned for him to, inter alia, make restitution to IGI.
In July 2007, Raphael wired $250,000 to respondent's operating account for the payment of restitution to IGI. In September 2007, respondent advised Raphael that he was not holding the restitution funds in an escrow account and that to avoid any "tax problems" he needed Raphael to sign a letter stating that the $250,000 was a loan to respondent, which Raphael did.
In January 2008, respondent told Raphael that he had spent $50,000 of the restitution funds and requested that Raphael provide additional funds for the restitution. Raphael then borrowed an additional $50,000 which he remitted to respondent. Respondent ulitmately only paid $120,000 to IGI for restitution. From March 2008 through September 2009, respondent requested that Raphael's sentencing be adjourned approximately 15 times for various reasons which included the representation that Raphael was trying to raise the funds necessary to pay restitution as per the plea agreement.
In 2009, Raphael disclosed to James O. Druker, Esq., his counsel in a separate tax matter, that respondent had spent some of the $250,000 which was supposed to have been paid to IGI. In August 2009, Druker substituted respondent as Raphael's counsel and in September 2009, disclosed respondent's conduct to Judge Kimba Wood, who was presiding over respondent's case.
On January 21, 2010, Judge Wood sentenced Raphael to three years probation. In order to meet his restitution obligation, Raphael borrowed an additional $30,000 from his brother and assigned to IGI his claims against respondent and his right to $100,000, which Druker had requested from the Lawyers' Fund for Client Protection. That same month, after Raphael was sentenced, Judge Wood referred respondent to the Southern District's Committee on Grievances (Grievance Committee).
In September 2009, Druker also filed a complaint on Raphael's behalf with the First Department Disciplinary Committee (DDC), which initiated an investigation of respondent's conduct. During 2010, in connection with the DDC investigation, respondent answered the complaint and was deposed.
In March 2011, the Grievance Committee directed respondent to show cause why it should not impose discipline, based on a statement of six allegations charging respondent with misappropriation, conversion, commingling and improperly entering into a business transaction with a client without required disclosures.
In July 2011, respondent was again deposed by the DDC.
In December 2011, after learning that IGI intended to commence a civil action against him, respondent executed an Affidavit of Confession of Judgment in which he swore that Raphael had given him $250,000 to hold in trust for the benefit of IGI for the purpose of restitution which was to be paid over to IGI prior to Raphael's sentencing. Respondent spent approximately $180,000 of the funds he received from Raphael on personal and business expenses unrelated to Raphael's case. To date, respondent has not repaid any of these funds.
Also that month, the DDC brought four charges against respondent, one of which (Charge 3) was based on Raphael's complaint, alleging that respondent violated Code of Professional Responsibility DR 5-104(a)(22 NYCRR 1200.23[a]) (improper loan transactions with a client). Significantly, the DDC did not charge respondent with misappropriation or conversion of [*3]Raphael's restitution funds. By subsequent stipulation, the DDC inter alia amended the language of Charge 3, referring to the $224,000 as "Rafael's funds" to read that "respondent had already used, at a minimum, $224,000 of the proceeds of the loan from Raphael for his own personal and/or business purposes" (emphasis added). Respondent admitted to Charge 3 as amended by the stipulation, as well as two other charges.
On March 15, 2012, a hearing on sanctions was held before a Referee. The DDC did not call any witnesses but relied solely on respondent's admissions to the charges in the pre hearing stipulation as well as other documentary evidence. Respondent testified on his own behalf in mitigation and called character witnesses. In post hearing memoranda, the DDC argued for a nine-month suspension and respondent urged a public censure.
By report dated October 25, 2012, the Referee sustained the three charges against respondent and recommended that he be suspended for six months.
With respect to the DR 5-104(a)(22 NYCRR 1200.23[a]) loan transaction charge (Charge 3), the Referee noted that Raphael had not appeared as a witness, nor had the DDC introduced any statement by him. The Referee noted that DDC staff counsel "made clear that Charge Three in no way implies that Respondent stole' his client's money" and that Charge 3 was "purely a loan issue." Nevertheless, the Referee found that, as Raphael's lawyer, respondent "should never have used his client's good will and money as he did, borrowing entirely for his own temporary solvency and completely abandoning his obligation to serve his client's best interest at all times" (emphasis added). The Referee further found that respondent's misconduct was mitigated by his health problems and the resulting adverse effects on his practice.
In the midst of the DDC's proceeding, the federal Grievance Committee continued its proceeding against respondent. By order entered January 24, 2012, it immediately suspended respondent from practice before the Southern District pending final discipline. By order dated February 13, 2012, the United States District Court for the Eastern District of New York immediately suspended respondent based on the Southern District's interim suspension order.
The matter was thereafter referred to Magistrate Judge Henry Pitman to hear and report. The interim suspension remained in effect.
In April 2012, after the DDC hearing on sanctions had concluded but before the Referee issued his report, Judge Pitman held a four-day evidentiary hearing at which, inter alia, Raphael, respondent and Druker testified.
In his final report and recommendation dated August 23, 2012, Judge Pitman found by clear and convincing evidence that respondent had engaged in professional misconduct which included intentional misappropriation of Raphael's restitution funds, commingled client and personal funds, converted those funds to his personal use and deceived his client by lying to him about the need for a loan document, as well as the status of the restitution payment. Judge Pitman rejected respondent's position that Raphael's funds were a loan and discredited "all the testimony offered by [respondent] that tends to suggest that Raphael made an undocumented, interest-free, unsecured, demand loan to [respondent]." Judge Pitman further found that respondent had not violated DR 5-104(a) because there was no bona fide business transaction (i.e., a loan) with Raphael (Matter of Fisher, 908 F Supp 2d 468, 483 [SD NY 2012]).
Respondent submitted objections to Judge Pitman's final report, which were rejected in the Grievance Committee's decision of December 10, 2012. That decision adopted Judge Pitman's findings in their entirety and afforded respondent the opportunity to file a submission addressing the issue of sanction.
On December 14, 2012, a DDC Hearing Panel heard oral argument. In February 2013, after learning of the Grievance Committee's misconduct finding, but prior to issuance of the Hearing Panel's report, the DDC moved for a stay of its disciplinary proceeding until the conclusion of the federal disciplinary matter, contending that once the Southern District issued a final sanction order it would be obligated to move for reciprocal discipline pursuant to the Rules of the Appellate Division, First Department (22 NYCRR) § 603.3. On March 8, 2013, we issued a stay of the DDC proceeding until further order.
As noted, the Grievance Committee disbarred respondent on March 14, 2013, which decision was affirmed by the Second Circuit on July 22, 2014.
Based on this decision, the DDC now moves for an order imposing reciprocal discipline and disbarring respondent predicated on his disbarment in the Southern District, as well as for an order lifting the stay and dismissing as moot the Committee's pending disciplinary proceeding.
In its moving papers, the DDC avers that, although it was aware of the federal proceeding, the Grievance Committee did not update it regarding the details and status of the federal proceeding against respondent. Further, it did not learn of the Southern District's misconduct findings until after the Hearing Panel heard oral argument. As to the fact that it did not charge respondent with misappropriation and conversion, the DDC avers that when it filed its charges on December 5, 2011, respondent had not yet executed the Affidavit of Confession of Judgment in which he acknowledged that he was holding the restitution funds in trust for IGI.
As to the request that we lift the stay and dismiss its earlier proceeding as moot, the DDC argues that the federal proceeding made full factual and legal findings on the same subject matter that was before it. The DDC contends the only defenses to reciprocal discipline are a lack of notice and opportunity to be heard in the foreign jurisdiction; an infirmity of proof establishing the misconduct; and the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York (22 NYCRR 603.3 [c]).
Respondent has filed a cross motion requesting that we impose an indefinite medical suspension pursuant to 22 NYCRR 603.16(c) and hold the DDC's reciprocal discipline petition in abeyance until we determine that respondent is no longer incapacitated from practicing law.
In support of his application, respondent has submitted, various medical information and reports, including, inter alia, a report from his physician of 20 years, that chronicles his various ailments, and references surgeries and treatments respondent is receiving from other physicians. This affirmed report lists 11 medications that are currently prescribed to respondent, some of which impact his short-term memory, and sets forth an opinion that respondent's present condition is such that he is incapable of practicing law and renders it "impossible for him to assist his attorney in defending the disciplinary proceeding which I am advised is pending."
The DDC opposes the cross motion, arguing that respondent has not demonstrated that he cannot assist in his defense of the reciprocal discipline charges. It also contends there is no defense to this reciprocal proceeding. In the alternative, it asks that we direct respondent to submit to an examination of his capacity to practice law by the Committee's designated experts.
The instant proceeding presents what appears to be an unprecedented situation in that the Committee seeks to disbar respondent based on a finding in a federal disciplinary proceeding that he, inter alia, intentionally converted client funds, notwithstanding that, in its own proceeding, the DDC
stipulated, and a Referee concluded, that respondent had not done so. Thus, respondent may have an arguable defense under 22 NYCRR 603.3(c)(3).
Respondent has submitted sufficient documentation from his various medical providers as to his current medical condition and how that, due to such condition, he is presently unable to adequately assist his counsel in preparing a defense.
Accordingly, respondent's cross motion is granted to the extent that he is suspended from the practice of law pursuant to 22 NYCRR 603.16(c)(1), on the ground that he is suffering from a disability by reason of physical or mental infirmity or illness which makes it impossible for him to adequately assist counsel in his defense, effective immediately and until further order of this court (Matter of Rabinowitz, 97 AD3d 192 [1st Dept 2012]; Matter of Farinella, 91 AD3d 35 [1st Dept 2011]). Respondent is directed to provide the Committee with an updated report as to his medical condition in six months from the date of this order. Further, if the Committee so requests, he is to be examined by qualified medical experts as designated by the Committee thereafter (see 22 NYCRR 603.16[b]).
The Committee's motion shall be held in abeyance until such time as respondent's disability no longer exists and until further order of this Court.
All concur.
Order filed. [July 9, 2015]
Sweeny, J.P., Moskowitz, Feinman, Gische, and Clark, JJ.
THE FOLLOWING MOTION ORDERSWERE ENTERED AND FILED ONJULY 9, 2015
Gonzalez, P.J., Tom, Mazzarelli, Friedman, Sweeny, JJ.
M-2959X Bravo-McBride v McBride
M-2960X Steinway Associates, Inc. v Tower Insurance Company of New York
M-2981X 384 Grand Street Housing Development Fund Company, Inc. v Mo
Appeals withdrawn.
Gonzalez, P.J., Tom, Mazzarelli, Friedman, Sweeny, JJ.
M-2740 In the Matter of C., Lisa v C., Bruce
Appeal, previously perfected for the May 2015 Term, withdrawn.
Gonzalez, P.J., Tom, Mazzarelli, Friedman, Sweeny, JJ.
M-2462 Gottwald v Sebert — Dr. Luke — Kasz Money, Inc.
M-2794 — Prescription Songs, LLC
Motion withdrawn (M-2462); appeal, previously perfected for the June 2015 Term, withdrawn (M-2794).
Gonzalez, P.J., Sweeny, Renwick, Saxe, Feinman, JJ.
M-1982 People v Delarosa, Juan C.
Appeal deemed withdrawn.
Gonzalez, P.J., Sweeny, Renwick, Saxe, Feinman, JJ.
M-2028 People v Leeper, George
Appeal deemed withdrawn.
Gonzalez, P.J., Tom, Mazzarelli, Friedman, Sweeny, JJ.
M-2639 In the Matter of M., Lydia v U., Octavis
Leave to prosecute appeal as a poor person granted, as indicated.
Gonzalez, P.J., Tom, Mazzarelli, Friedman, Sweeny, JJ.
M-2484 People v Wright, Ronald E.
Leave to prosecute appeal as a poor person and related relief granted; Clerk of the Supreme Court shall expeditiously have made and filed with the criminal court two transcripts of the SORA hearing and other proceedings, as indicated.
Gonzalez, P.J., Tom, Mazzarelli, Friedman, Sweeny, JJ.
M-2549 People v Williams, Robert
Leave to prosecute appeal as a poor person and related relief granted; Clerk of the Supreme Court shall expeditiously have made and filed with the criminal court two transcripts of the SORA hearing and other proceedings, as indicated.
Gonzalez, P.J., Friedman, Renwick, Moskowitz, Clark, JJ.
M-2617 In the Matter of Osman v Stanford
Leave to prosecute proceeding as a poor person granted to the extent indicated.
Gonzalez, P.J., Sweeny, Renwick, Saxe, Feinman, JJ.
M-2618 In the Matter of Gonzalez v New York City Housing Authority
Leave to prosecute proceeding as a poor person granted to the extent indicated; time to perfect proceeding enlarged to the November 2015 Term.
Gonzalez, P.J., Tom, Mazzarelli, Friedman, Sweeny, JJ.
M-2728 In the Matter of L., Derick — Administration for Children's Services
Leave to respond to appeal as a poor person granted, as indicated.
Gonzalez, P.J., Tom, Mazzarelli, Friedman, Sweeny, JJ.
M-2741 In the Matter of R., Renaldo v R., Chanice
Leave to respond to appeal as a poor person granted, as indicated.
Gonzalez, P.J., Mazzarelli, Acosta, Clark, Kapnick, JJ.
M-1741 People ex rel. Davis, Falon B. v Warden
Moving papers deemed a timely filed notice of appeal; leave to prosecute appeal as a poor person granted to the extent indicated.
Gonzalez, P.J., Mazzarelli, Acosta, Clark, Kapnick, JJ.
M-2126 Brooks v City of New York
Leave to prosecute appeal as a poor person denied, with leave to renew, as indicated.
Gonzalez, P.J., Friedman, Renwick, Moskowitz, Clark, JJ.
M-2650 In the Matter of B., Ragat v B., Petros
Leave to prosecute appeal as a poor person and related relief denied.
Gonzalez, P.J., Sweeny, Renwick, Saxe, Feinman, JJ.
M-980 Klein v Clinton Park Development, LLC
Time to perfect appeal enlarged to the October 2015 Term.
Gonzalez, P.J., Tom, Friedman, Kapnick, JJ.
M-2433 In the Matter of Kharnak v City College of the City University of New York
Time to perfect appeal enlarged to the October 2015 Term.
Gonzalez, P.J., Sweeny, Renwick, Saxe, Feinman, JJ.
M-2547 Tower National Insurance Company v National Business Capital, Inc.
Time to perfect appeal enlarged to the October 2015 Term.
Gonzalez, P.J., Friedman, Renwick, Moskowitz, Clark, JJ.
M-2654 Encompass Insurance Company v Rockaway Family Medical Care, P.C. — Obas
Time to perfect appeal enlarged to the October 2015 Term.
Gonzalez, P.J., Sweeny, Renwick, Saxe, Feinman, JJ.
M-2681 In the Matter of Maleski v New York City Department of Education
Time to perfect proceeding enlarged to the October 2015 Term; motion otherwise denied.
Gonzalez, P.J., Friedman, Renwick, Moskowitz, Clark, JJ.
M-1578 In the Matter of 433 West 34th Street Owner's Corp. v New York City Department of Buildings
Preliminary appellate injunction and other relief denied; interim relief granted by order of a Justice of this Court dated April 10, 2015, vacated.
Gonzalez, P.J., Friedman, Renwick, Moskowitz, Clark, JJ.
M-2128 Kah v Kim — Asiedu
Stay denied; interim relief granted by the order of a Justice of this Court dated May 6, 2015, vacated.
Gonzalez, P.J., Sweeny, Renwick, Saxe, Feinman, JJ.
M-2364 Saavendra v 89 Park Avenue LLC
Stay denied; interim relief granted by order of a Justice of this Court dated May [*4]18, 2015, vacated.
Tom, J.P., Renwick, Moskowitz, Manzanet-Daniels, Feinman, JJ.
M-1876 In the Matter of C., Karla P. v R., Francisco
Appeal deemed withdrawn.
Tom, J.P., Renwick, Moskowitz, Manzanet-Daniels, Feinman, JJ.
M-2298 People v Osario, Juan
Moving papers deemed a timely filed notice of appeal; leave to prosecute appeal as a poor person granted, as indicated.
Tom, J.P., Acosta, Andrias, Moskowitz, Clark, JJ.
M-2477 In the Matter of Tavarez v New York City Health and Hospitals Corporation
Leave to prosecute appeal as a poor person granted to the extent indicated.
Tom, J.P., Acosta, Andrias, Moskowitz, Clark, JJ.
M-2701 Dunston v ACS Administration
Leave to prosecute appeal as a poor person granted to the extent indicated.
Tom, J.P., Acosta, Andrias, Moskowitz, Clark, JJ.
M-2528 In the Matter of Clarke v New York State Office of Children and Family Services
Leave to prosecute proceeding as a poor person granted to the extent indicated.
Tom, J.P., Renwick, Moskowitz, Manzanet-Daniels, Feinman, JJ.
M-2444 In the Matter of The Insurance Corporation of New York
Time to perfect appeal enlarged to the October 2015 Term.
Tom, J.P., Renwick, Moskowitz, Manzanet-Daniels, Feinman, JJ.
M-2496 Ladera, LLC v Nicholas Parking Corp.
Time to perfect appeal enlarged to the October 2015 Term.
Tom, J.P., Andrias, Feinman, Gische, Kapnick, JJ.
M-2594 Nunes v Earth Relocation, Inc.
M-2621 Friends of Playground 89 v New York City Department of Education
M-2657 Board of Managers of the South Star v Corcoran Group Marketing
Time to perfect appeals enlarged to the October 2015 Term.
Tom, J.P., Renwick, Moskowitz, Manzanet-Daniels, Feinman, JJ.
M-2409 Velez v New York Presbyterian Hospital
Time to perfect appeal enlarged to the November 2015 Term.
Tom, J.P., Acosta, Andrias, Moskowitz, Clark, JJ.
M-2581 Aptuit LLC v Columbia Casualty Company
Time to perfect appeal enlarged to the January 2016 Term, with leave to seek a further enlargement, if necessary.
Tom, J.P., Friedman, Renwick, Moskowitz, DeGrasse, JJ.
M-1188 Noe v Noe
Enlargement of time to perfect appeals and other relief denied, with leave to renew, as indicated.
Tom, J.P., Acosta, Andrias, Moskowitz, Clark, JJ.
M-2467 People v Estevez, Anthony
Stay continued on condition appeal perfected for the November 2015 Term.
Tom, J.P., Renwick, Andrias, Manzanet-Daniels, Kapnick, JJ.
M-1786 Martinez v McTair
Stay granted.
Tom, J.P., Renwick, Andrias, Manzanet-Daniels, Kapnick, JJ.
M-2043 Prime Properties USA 2011 LLC v Richardson
M-2315
Stay denied (M-2043); appeal from order entered
April 8, 2015 dismissed, and cross motion otherwise denied
(M-2315).
Tom, J.P., Andrias, Feinman, Gische, Kapnick, JJ.
M-2689 Leviston v Jackson, also known as 50 Cent
Stay of trial denied; interim relief granted by order of a Justice of this Court dated June 4, 2015, vacated.
Mazzarelli, J.P., Friedman, Manzanet-Daniels, Clark, Kapnick, JJ.
M-1956 Canine Consulting, Inc. v 563 East Tremont LLC
Motion deemed withdrawn, as indicated.
Mazzarelli, J.P., Friedman, Richter, Manzanet-Daniels, Gische, JJ.
M-2558 People v Moore, Ricky
Leave to prosecute appeal as a poor person granted, as indicated.
Mazzarelli, J.P., Sweeny, Gische, Clark, JJ.
M-1681 People v Ford, William
M-2460
Moving papers deemed a timely filed notice of appeal; leave to prosecute appeal as a poor person denied, with leave to renew, as indicated.
Mazzarelli, J.P., Sweeny, Gische, Clark, JJ.
M-1943 Lopez-Reyes v Heriveaux — HCACC-Hispanic and Chinese American Chamber of Commerce, Inc. — Natural Foods Supermarket, Inc.
Appeals consolidated; time to perfect same enlarged to the October 2015 Term; motion otherwise denied.
Mazzarelli, J.P., Friedman, Richter, Manzanet-Daniels, Gische, JJ.
M-2546 Luperon v City of New York — Reyes; Suero v City of New York
Time to perfect appeal enlarged to the October 2015 Term.
Mazzarelli, J.P., Sweeny, Acosta, Clark, Kapnick, JJ.
M-2299 Siegfried v West 63 Empire Associates, LLC
Time to perfect appeal enlarged to the December 2015 Term.
Friedman, J.P., Andrias, Saxe, Richter, Gische, JJ.
M-2297 Coretto v Extell West 57th Street, LLC
Time to perfect appeal enlarged to the November 2015 Term.
Friedman, J.P., Andrias, Saxe, Richter, Gische, JJ.
M-2481 In the Matter of S., George and A., Gabriel
— Administration for Children's Services
Time to perfect appeal enlarged to the November 2015 Term, as indicated.
Friedman, J.P., Andrias, Saxe, Richter, Gische, JJ.
M-2217 Sitinas v Sitinas
Stay denied.
Friedman, J.P., Andrias, Saxe, Richter, Gische, JJ.
M-1806 Hartnett v City of New York
Motion withdrawn, as indicated.
Sweeny, J.P., Renwick, Andrias, Moskowitz, Gische, JJ.
M-1640 In the Matter of Diawara v Rahman
M-1645
Leave to supplement record on appeal denied (M-1640); monetary compensation denied (M-1645).
Andrias, J.P., Moskowitz, DeGrasse, Gische, Kapnick, JJ.
M-1833 In Re: New York City Asbestos Litigation
— Lucadamo v A.O. Smith Water Products — Crane Co.
Time to perfect appeal enlarged to the December 2015 Term, as indicated. (See M-1835, decided simultaneously herewith.)
Andrias, J.P., Moskowitz, DeGrasse, Gische, Kapnick, JJ.
M-1835 In Re: New York City Asbestos Litigation
— Torbit v A.O. Smith Water Products — Crane Co.
Time to perfect appeal enlarged to the December 2015 Term, as indicated. (See M-1833, decided simultaneously herewith.)
Sweeny, J.
M-2539 People v Dixon, Echo
Leave to appeal to this Court denied.
Acosta, J.
M-1559 People v Sanchez, Lamar
Leave to appeal to this Court denied.
Acosta, J.
M-2503 People v Vellon, Nouchie
Leave to appeal to this Court denied.
Andrias, J.
M-2564 People v Francis, John
Leave to appeal to this Court denied.
DeGrasse, J.
M-2476 People v Greenman, Edward
Reargument and/or renewal denied.
Clark, J.
M-2438 People v Desselle, Jules
Leave to appeal to this Court denied.
Friedman, J.P., Sweeny, Andrias, Saxe, Kapnick, JJ.
M-2222 In the Matter of Barton Nachamie,
an attorney and counselor-at-law:
Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 12, 2015. Opinion Per Curiam. All concur.
Sweeny, J.P., Moskowitz, Feinman, Gische, Clark, JJ.
M-5318 In the Matter of Ivan S. Fisher,
M-310 an attorney and counselor-at-law:
Respondent suspended from the practice of law in the State of New York, effective the date hereof, for an indefinite period, as indicated, and proceeding held in abeyance until further order of this Court. Opinion Per Curiam. All concur.
Acosta, J.P., Richter, Manzanet-Daniels, Feinman, Gische, JJ.
M-2036 In the Matter of Lawrence S. Cumberbatch
(admitted as Lawrence St. Clair Cumberbatch),
a suspended attorney:
Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof. Opinion Per Curiam. All concur.