Matter of Farinella (2018 NY Slip Op 03654)





Matter of Farinella


2018 NY Slip Op 03654


Decided on May 22, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

John W. Sweeny, Jr.,Justice Presiding,
Sallie Manzanet-Daniels
Angela M. Mazzarelli
Marcy L. Kahn
Cynthia S. Kern, Justices.


M-4465 M-5835

[*1]In the Matter of Thomas A. Farinella, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Thomas A. Farinella, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Thomas A. Farinella, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 13, 2002.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Jun H. Lee, of counsel), for petitioner.
Sarah Jo Hamilton, Esq. for respondent.



PER CURIAM


Respondent Thomas A. Farinella was admitted to the practice of law in the State of New [*2]York by the Second Judicial Department on March 13, 2002. At all times relevant herein, respondent has maintained an office for the practice of law within the First Department.
By order and per curiam dated November 17, 2011 (corrected December 9, 2011), this Court determined that respondent had provided sufficient proof that he was suffering from a mental infirmity which made it impossible for him to defend himself in disciplinary proceedings pending against him, and therefore, we immediately suspended him from the practice of law pursuant to former 22 NYCRR 603.16(c)(1). We deferred determination on the reciprocal discipline motion and held in abeyance the underlying disciplinary proceeding, finding that "[i]f and when it is determined that respondent's disability no longer exists, and respondent can adequately defend himself, then both the reciprocal discipline matter and the sanction hearing on the charges can proceed" (91 AD3d 35, 38 [1st Dept 2011]).
By order dated October 10, 2013, this Court reinstated respondent to the practice of law, effective that date, on condition that he continued to be monitored by the New York City Bar Association's LAP program for a period of three years. In November 2013, the Attorney Grievance Committee (AGC), with respondent's consent, asked this Court to reactivate its petition for reciprocal discipline. By order entered May 8, 2014, this Court imposed reciprocal discipline, suspended respondent from the practice of law for three months, effective nunc pro tunc to September 23, 2010, and immediately reinstated him to the practice of law (118 AD3d 95 [1st Dept 2014]).
In February 2015, the AGC filed 37 supplemental charges against respondent alleging additional misconduct between 2007 and 2011. The Referee sustained 22 of the supplemental charges, including the charge of intentional conversion. The Referee recommended that respondent be suspended for two years, effective nunc pro tunc to the date of his disability suspension (i.e., November 17, 2011), with the two-year suspension to terminate as of the date of his reinstatement (i.e., October 10, 2013).
The AGC now seeks an order, pursuant to the Rules of the Appellate Division, First Department (22 NYCRR) § 603.8-a(t)(4), disaffirming the Referee's sanction recommendation, and imposing a prospective suspension of no less than two years. Respondent requests that this Court disaffirm the Referee's liability findings as to two of the charges, and affirm the sanction recommendation of a retroactive two-year suspension coterminous with his disability suspension.
With the exception of the unearned fee charge in the Griffin matter (charge 44), the Referee's misconduct findings should be affirmed in full, including the intentional conversion charge, as they are amply supported by the record.
Respondent has presented evidence of exceptional mitigating circumstances causally related to his misconduct so as to warrant a lesser sanction (see Matter of Hazelhurst, 144 AD3d 31 [1st Dept 2016]; Matter of Katz, 109 A3d 143 [1st Dept 2013]). The Referee noted the "impressive strides [r]espondent ha[d] taken and achieved to rehabilitate himself," including his voluntarily moving for a disability suspension; his entering into intensive therapy after his suspension and his voluntary enrollment in the LAP program; his compliance with the terms of his monitoring agreement as well as weekly sessions with the LAP director and attendance at meetings; his reinstatement to the practice of law without opposition from the AGC four years ago and his compliance with the terms of this Court's reinstatement order; his compliance with the treatment regimen prescribed; the support systems he put in place to prevent a recurrence of his misconduct; and his practice of law for three years without incident following his reinstatement in 2013. The Referee also noted that respondent had used his earned legal fees and the proceeds from a loan to make full restitution to the clients owed refunds, and that he expressed sincere remorse for his misconduct (see Rules for Attorney Discipline Matters (22 NYCRR)
§ 1240.8[b][2]).
Accordingly, the AGC's motion to disaffirm the Referee's sanction recommendation of a retroactive two-year suspension and to impose a prospective suspension of not less than two years should be denied, and respondent should be suspended for two years, nunc pro tunc, to November 17, 2011, and reinstated as of October 10, 2013. The cross motion should be granted [*3]to the extent of disaffirming the finding on charge 44, and otherwise denied.
All concur.
Order filed. [May 22, 2018]
Motion to disaffirm the Referee's sanction recommendation of a retroactive two-year suspension and to impose a prospective suspension of not less than two years is denied, respondent is suspended for two years, nunc pro tunc to November 17, 2011, and reinstated as of October 10, 2013. The cross motion is granted to the extent of disaffirming the finding on charge 44, and otherwise denied.