Matter of Cantrell (2019 NY Slip Op 06448)





Matter of Cantrell


2019 NY Slip Op 06448


Decided on September 3, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 3, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Judith J. Gische, Justice Presiding,
Marcy L. Kahn
Jeffrey K. Oing
Anil C. Singh
Peter H. Moulton, Justices.


M-2902

[*1]In the Matter of Lana E. Cantrell, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Lana E. Cantrell, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Lana E. Cantrell, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 31, 1994.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Naomi F. Goldstein, of counsel), for petitioner.
Thomas F. Farley, Esq. for respondent.



PER CURIAM.


Respondent Lana E. Cantrell was admitted to the practice of law in the State of New York by the First Judicial Department on January 31, 1994. At all times relevant herein, respondent maintained a business address for the practice of law within the First Department.
The Attorney Grievance Committee (Committee) moves for an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.14(b), immediately suspending respondent from the practice of law on the ground that she is currently incapacitated from practicing law by reason of a medical condition. Respondent does not oppose.
For the reasons set forth below, we now grant the motion to the extent of immediately suspending respondent from the practice of law and staying the Committee's pending investigation until further order of this Court.
On September 24, 2018, the Committee received a complaint from one of the parties in a matrimonial matter, alleging that respondent improperly distributed monies from an escrow account. By several letters and an email, the Committee sent a copy of the complaint to respondent and directed her to answer. Respondent did not submit an answer.
On March 27, 2019, Thomas F. Farley, Esq. contacted the Committee, identified himself as a long-time friend of respondent,
and stated that he was assisting her in this matter. In subsequent letters, Mr. Farley described in detail respondent's medical conditions and enclosed a letter from respondent's medical doctor stating that she is presently unable to handle the affairs of others. Mr. Farley further informed the Committee that respondent had recently registered with the Office of Court Administration as a retired attorney.
In view of the foregoing, the Committee has presented sufficient medical evidence that respondent is presently incapacitated from continuing to practice law by reason of a medical condition, and her immediate suspension is warranted under 22 NYCRR 1240.14(b) (see e.g. Matter of Nagel, 161 AD3d 95 [1st Dept 2018]; Matter of Falls, 121 AD3d 83 [1st Dept 2014]; Matter of Rabinowitz, 97 AD3d 192 [1st Dept 2012]; Matter of Farinella, 91 AD3d 35 [1st Dept 2011].
Accordingly, the Committee's motion should be granted and respondent be immediately suspended from the practice of law, and the Committee's pending investigation be stayed, until further order of this Court.
All concur.
Order filed. [September 3, 2019]
The motion is granted and respondent is suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.14(b), effective immediately, and the pending investigation is stayed, until further order of this Court.