[710 NYS2d 596]

In the Matter of MARK D. BIRMAN (Admitted as MARK DAVID BIRMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 20, 2000

### APPEARANCES OF COUNSEL

*Judith N. Stein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Mark D. Birman was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment on March 7, 1990, as Mark David Birman, and at all relevant times has maintained an office for the practice of law in the First Department. Petitioner, the Departmental Disciplinary Committee, moves for an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), suspending respondent from the practice of law forthwith because of his willful failure to cooperate with the Committee in its investigation of allegations of professional misconduct against him.

The Committee's motion states that it has received four complaints from clients and initiated an investigation *sua sponte* of respondent. The first complaint was received in June 1999 from a client who alleged that respondent had failed to respond to her inquiries concerning the personal injury action for which she had retained him in 1994 and had not returned her files. The complaint was referred to the Complaint Mediation Panel of the Bar Association of the City of New York, but respondent failed to respond to the panel's inquiry, and the file was returned to the Committee. In response to its letter, respondent advised the Committee that he had returned the files, but provided no detailed response to the client's complaint. Meanwhile, the client, acknowledging receipt of the files, noted that several items were missing and expressed additional concerns about respondent's conduct of her case, including whether he had served the correct defendants. Respondent failed to respond to the Committee's request for a response to the client's letter and, although he subsequently appeared for a deposition by the Committee, he again failed to produce the response the Committee had requested. During the deposition, respondent was given two weeks to explain why he had failed to cooperate with the mediation panel, but no response was forthcoming.

The second complaint was received in September 1999 from a client who alleged that respondent had neglected his personal injury case and failed to respond to his inquiries. When respondent failed to respond to the complaint, the Committee sent a second request and advised him that continued neglect or refusal to cooperate would expose him to charges of professional misconduct. The Committee received an executed return receipt of its letter, but no response. Respondent also failed to appear in response to the Committee's subpoena duces tecum, with which he was personally served, requesting his appearance and his response to this complaint and the three complaints discussed below, and he did not answer the complaint.

The third complaint was received in November 1999 from a client who alleged that he had retained respondent in 1995 to

handle a personal injury case and that respondent had failed to return his telephone calls or respond to his certified letter requesting the return of his file. Respondent failed to respond to two letters from the Committee and, as noted above, failed to appear pursuant to the subpoena duces tecum.

The fourth complaint was received in December 1999 from a client who alleged that respondent undertook to represent him in connection with a 1996 automobile accident, but had not filed a summons with notice as of the day before the running of the Statute of Limitations and had failed to respond to the client's repeated efforts to contact him. Respondent also failed to return a consent to change attorneys form. Respondent neither answered the complaint nor appeared pursuant to the subpoena duces tecum.

The Committee's *sua sponte* investigation was prompted by a January 2000 letter from the Deputy Court Clerk of the Supreme Court, Kings County, advising that respondent had purchased a request for judicial intervention with a check that was returned unpaid, and that the Clerk had been unable to contact him by mail or telephone. Respondent neither responded to the Committee's letter to him nor appeared pursuant to the subpoena duces tecum, and he has not otherwise contacted the Committee.

Respondent's repeated failure to answer five separate complaints, to appear in response to a court-ordered subpoena relating to four of these complaints, and to submit a response to the instant motion evinces a shocking disregard for the judicial system, which can only be interpreted as a deliberate and willful effort to impede the Committee's investigation (*Matter of Valdes*, 160 AD2d 31, 33). His neglect and noncooperation in this disciplinary proceeding constitute professional misconduct that threatens the public interest (22 NYCRR 603.4 [e] [1]), justifying immediate suspension from the practice of law (*see, Matter of Hickey*, 231 AD2d 174).

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) should be granted and respondent suspended from the practice of law, effective immediately, pending further order of the Court.

WILLIAMS, J. P., ELLERIN, WALLACH, RUBIN, FRIEDMAN, JJ., concur.

Motion granted and respondent suspended from the practice of law in the State of New York, effective the date hereof, and until the further order of this Court.