[730 NYS2d 514]

In the Matter of MARK D. BIRMAN (Admitted as MARK DAVID BIRMAN), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 4, 2001

**APPEARANCES OF COUNSEL**

*Judith N. Stein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Richard E. Mischel* of counsel (*Mischel, Neuman & Horn, P. C.,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Mark D. Birman was admitted to the practice of law in the State of New York by the Second Judicial Department on March 7, 1990, as Mark David Birman, and at all relevant times has maintained an office for the practice of law in the First Department.

By order dated July 20, 2000 (274 AD2d 290), this Court granted the Departmental Disciplinary Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) for an order immediately suspending respondent from the practice of law, pending further order, on the grounds of willful failure to cooperate with the Committee in its investigation into professional misconduct on his part.

On March 8, 2001, the Committee moved for an order disbarring respondent on the ground that he had not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement in the six months since the order of suspension was issued. In opposition, respondent's attorney submitted, *inter alia,* the report of respondent's treating psychologist, which concluded that respondent suffers from chronic major depression with no clear remission in symptoms. Respondent was examined, at the Committee's request, by Dr. Amy Hoffman, a qualified expert psychiatrist, who reported that respondent is significantly impaired by an episode of severe depression and is currently unable to practice law. The Committee now joins in respondent's request for an order pursuant to 22 NYCRR 603.16 continuing his suspension on the grounds of incapacity to practice law by reason of mental infirmity or illness.

Accordingly, the Committee's motion to disbar respondent should be denied and its request for an order continuing his suspension in accordance with 22 NYCRR 603.16 granted, and respondent's suspension should be continued for an indefinite period and until further order of this Court.

WILLIAMS, J. P., ELLERIN, WALLACH, RUBIN and FRIEDMAN, JJ., concur.

Respondent's suspension from the practice of law in the State of New York continued for an indefinite period and until the further order of this Court, as indicated.