[742 NYS2d 299]

In the Matter of JEANETTE G. STEWART (Admitted as JEANETTE GENEVA STEWART), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 30, 2002

### APPEARANCES OF COUNSEL

*Vitaly Lipkansky* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Jeanette Geneva Stewart was admitted to the practice of law in the State of New York by the First Judicial Department on May 23, 1988 and, at all times relevant to this proceeding, has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (the Committee) moves for an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest, based upon her failure to comply with an order of this Court in connection with the Committee's investigation of a complaint against respondent. Respondent has failed to appear in this matter.

By unpublished order entered December 21, 2001, this Court granted the Committee's petition, pursuant to 22 NYCRR 603.16 (b) (1), directing respondent to submit to a psychiatric examination, within 30 days of the date of the order, by a qualified expert selected by the Committee. The expert was then to submit a report as to whether respondent is incapacitated from continuing to practice law by reason of mental infirmity or illness and, upon the submission of said report, the Committee would be permitted to seek an order suspending respondent for an indefinite period on the ground that she is incapacitated from continuing to practice based upon her disability.

This motion arises out of respondent's erratic behavior in Bronx County Housing Court and during a subsequent deposition conducted by the Committee. Respondent's conduct in the Bronx Housing Court was brought to the Committee's attention by a Judge of that court.

The Committee served respondent with a copy of this Court's order by first class and certified mail, return receipt requested, the certified mail was returned marked "unclaimed," but the first class mail was not returned. The Committee, by letter dated January 8, 2002, directed respondent to appear at the Committee's offices on January 15, 2002, for the aforesaid examination, and advised her that failure to appear would compel the Committee to seek her suspension from the practice of law from this Court for failure to comply with this Court's order. Once again, the certified copy of the letter was returned "unclaimed," but the first class copy was not returned.

Respondent failed to appear on January 15, 2002, or otherwise contact the Committee, and by letter dated January 16, 2002, the Committee informed respondent that pursuant to this Court's order, an examination was required to be conducted by January 22, 2002, that she should call to reschedule the examination, and that she faced a suspension should she fail to comply. The certified copy was returned "unclaimed" but the first class copy was not. Respondent's address was verified by a Committee investigator who spoke with the superintendent of respondent's residence, conducted a computerized telephone records search, and reviewed the registration records of the Office of Court Administration.

It is clear from the forgoing that respondent has ignored every effort by the Committee to obtain her compliance with this Court's order directing that she submit to an examination regarding her mental status. Moreover, in light of respondent's documented behavior and a medical expert's assessment of respondent having exhibited "psychopathological behaviors and thinking consistent with an abnormal mental state," which assessment was based on transcripts and other documents, we conclude that respondent's inaction immediately threatens the public interest and mandates her immediate suspension.

Accordingly, the Committee's motion, pursuant to 22 NYCRR 603.4 (e) (1) (i), should be granted and respondent suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

WILLIAMS, P.J., NARDELLI, ANDRIAS, SAXE and FRIEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Departmental Disciplinary Committee have been concluded and until the further order of this Court.