[846 NYS2d 13]

In the Matter of JEANETTE G. STEWART (Admitted as JEANETTE GENEVA STEWART), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 13, 2007

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Jeanette G. Stewart,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Jeanette Geneva Stewart was admitted to the practice of law in the State of New York by the First Judicial Department on May 23, 1988 and, at all times relevant to this proceeding, has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee now moves for an order: suspending respondent from the practice of law, pursuant to 22 NYCRR 603.16 (b) (1), on the ground of mental illness or infirmity for an indefinite period, and until further order of this Court; and vacating respondent's current interim suspension, which arose out of her failure to cooperate with the Committee's earlier investigation, pursuant to 22 NYCRR 603.4 (e) (1) (i).

This proceeding originates out of respondent's erratic behavior in Bronx County Housing Court, and during a subsequent deposition conducted by the Committee. Respondent's conduct in the Bronx Housing Court was brought to the Committee's attention by a judge of that court. This Court, by unpublished order entered December 21, 2001, granted the Committee's petition, brought pursuant to 22 NYCRR 603.16 (b) (1), directing respondent to submit to a psychiatric examination, by a qualified expert selected by the Committee, within 30 days of the date of the order. Respondent, despite the Committee's efforts to secure her cooperation, did not appear for the scheduled examination. As a result, this Court granted a subsequent motion by the Committee and, by order entered May 30, 2002, immediately suspended respondent from the practice of law based upon her noncooperation (*see Matter of Stewart,* 296 AD2d 1 [2002]).

Respondent, approximately four years later, contacted the Committee, retained counsel and, at the Committee's request, underwent a lengthy psychiatric examination, in her attorney's office, by the Committee's expert. The expert concluded, inter alia, that respondent requires medical and psychological assistance and that she suffers from a mental illness that has and will continue to interfere with her ability to practice law. Respondent's opposition consists, essentially, of her own personal opinion that the expert's evaluation was "unreasonable" and not "scientifically sound," although she fails to sup-

ply an expert opinion to contradict that of the Committee's expert.

Accordingly, in view of the uncontradicted, comprehensive evaluation of the Committee's expert, letters from the Housing Court Judge to the Committee and respondent's reply to those letters, and the transcripts of the Housing Court proceedings and the Committee's deposition of respondent, the motion of the Committee should be granted to the extent that the prior order granting the current interim suspension is vacated, and respondent suspended from the practice of law in the State of New York for an indefinite period upon the ground that she is incapacitated from continuing to practice law by reason of mental infirmity or illness, and until further order of this Court.

ANDRIAS, J.P., SAXE, FRIEDMAN, NARDELLI and WILLIAMS, JJ., concur.

Order of suspension issued by this Court on May 30, 2002 (M-1792) recalled and vacated; respondent suspended as an attorney and counselor-at-law in the State of New York, effective the date hereof, for an indefinite period and until further order of this Court, as indicated.