OPINION OF THE COURT
Per Curiam.
Respondent Sean Serpe was admitted to the practice of law in the State of New York by the First Judicial Department on June 11, 2001. At all times relevant to the events which underlie this proceeding, he maintained an office for the practice of law within the First Judicial Department.
Respondent is 35 years old. Following his admission to the bar in 2001, he joined a firm where for five years he practiced bankruptcy and litigation. Subsequently, after a brief association with other attorneys, respondent opened his own solo practice where he specialized in bankruptcy and mortgage/ refinance cases.
In September 2010, the Departmental Disciplinary Committee (Committee) received complaints from several of respondent’s legal clients alleging that he neglected their bankruptcy and/or mortgage financing matters, failed to return unearned legal fees, and failed to pay a default judgment and arbitration award related to unearned legal fees. The Committee then commenced an investigation into the complaints and asked respondent to provide written answers. In November 2010, within his answer to one of the complaints asserted against him, respondent attributed the neglect alleged by his client to, inter alia, a medical problem resulting in the reduction of his work schedule.
In March 2011, in furtherance of the Committee’s investigation, respondent was deposed by the Committee and testified as follows: In 2008, respondent’s depression, with which he had been afflicted since the age of 22, was greatly exacerbated by the traumatic death of two individuals, his life partner, who died after his car careened off a mountain in October 2008, and his niece, who died after she hit a tree while skiing in March 2009. Despite the aforementioned deaths, respondent took no time away from his practice to grieve because at the time the number of loan modification cases which he was retained to handle significantly increased. Moreover, shortly after the death of his life partner, respondent began to consume large quantities of alcohol, becoming an alcoholic. Although respondent joined Alcoholics Anonymous in March 2009, shortly after his niece’s death, and began therapy for his depression in November *114 2009, he nevertheless found it difficult to both manage his law practice and focus on recovering from his depression and alcoholism. Lastly, in 2009, respondent’s paralegal, who was critical to respondent’s practice, quit. Accordingly, with respect to the circumstances giving rise to the client complaints against him, respondent attributed any deficiencies in the handling of his client’s cases to the sudden growth of his practice at a time when, due to worsening depression, alcohol addiction and the loss of a valued employee, he was ill-equipped to manage it properly.
While at the time of his deposition, respondent had been sober and in recovery, was seeing a therapist for his depression, was on lOmg per day of Lexapro, a depression medication, and was still running his practice, he nevertheless testified that running his practice was very challenging. Specifically, respondent testified that he was “at a point in [his] practice where [he was] actively trying to downsize and perhaps take a break.” After his deposition, by his own account, respondent’s depression worsened and he found it increasingly difficult to practice law. In September 2011, respondent sent a letter to the Committee informing it that he was closing his practice because his health had worsened and he wanted to continue his recovery. In November 2011, when respondent was again deposed by the Committee he reiterated that since his depression had worsened and he couldn’t both run a law practice and effectively treat his depression and alcoholism, he had stopped practicing law, closed his law practice, vacated his office, and with the assistance of other lawyers, referred active matters to other attorneys, refunded unearned legal fees, and where necessary, sought court permission to withdraw from pending matters. In June 2012, respondent provided an affidavit to the Committee wherein he stated:
“My illness has contributed to my neglect of client matters and the filing of grievance complaints against me. I have made extensive efforts to resolve the problems created for the clients and to cooperate with the Disciplinary Committee’s investigation. However, I am unable to continue this process and seek to withdraw from the Bar until I achieve the full recovery I anticipate.”
In 2012, the Committee also received various letters from respondent’s psychiatrist who stated that she had been treating respondent since June 2011 and had diagnosed him with “Se *115 vere Depression with Anxiety Disorder.” Respondent’s psychiatrist further stated that she found that respondent evinced “emotional decline that was exacerbated by his work.” Accordingly, respondent’s psychiatrist recommended that respondent take “time off from [his] practice until complete stabilization of his condition.”
The Committee now petitions this Court for an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.16 (b) (1), immediately suspending respondent from the practice of law until further order of this Court on grounds of mental incapacity. Respondent does not oppose the Committee’s application, and in fact supports it.
According to 22 NYCRR 603.16 (b) (1),
“[w]henever the Departmental Disciplinary Committee shall petition this court to determine whether an attorney is incapacitated from continuing to practice law by reason of physical or mental infirmity or illness or because of addiction to drugs or intoxicants, this court may take or direct such action as it deems necessary or proper to determine whether the attorney is so incapacitated, including examination of the attorney by such qualified experts as this court shall designate. If, upon due consideration of the matter, this court is satisfied and concludes that the attorney is incapacitated from continuing to practice law, it shall enter an order suspending him on the ground of such disability for an indefinite period and until the further order of this court and any pending disciplinary proceedings against the attorney shall be held in abeyance.”
Thus, when it is established that an attorney is incapable of practicing law due to illness or infirmity, suspension pursuant to 22 NYCRR 603.16 (b) (1) is warranted (Matter of Horakh, 61 AD3d 24, 25 [1st Dept 2009]; Matter of Stewart, 47 AD3d 43, 44-45 [1st Dept 2007]).
Here, respondent’s testimony at his depositions establishes that he is afflicted with severe depression, that he became an alcoholic as a result thereof, and that he cannot both practice law and focus on his recovery and therapy. Moreover, within his affidavit, respondent admits that his depression has contributed to the neglect of his clients’ legal matters, such that his clients have filed complaints against him. Lastly, respondent’s treating psychiatrist corroborates respondent’s assertions, and to the *116 extent that she recommends that respondent cease the practice of law, she establishes that respondent’s condition renders him incapable of practicing law.
Based on the foregoing, the Committee has presented sufficient evidence establishing that respondent’s mental illness— his depression—renders him incapable of practicing law and that he should therefore be suspended pursuant to 22 NYCRR 603.16 (b) (1) (Matter of Birman, 286 AD2d 22, 23 [1st Dept 2001] [attorney suspended from the practice of law on grounds that his depression rendered him incapable of practicing law]; Matter of Wolin, 258 AD2d 37, 38 [1st Dept 1999] [same]; Matter of Jordon, 202 AD2d 141, 142-143 [1st Dept 1994] [same]).
Accordingly, the Committee’s petition should be granted pursuant to 22 NYCRR 603.16 (b) (1), and respondent is suspended from the practice of law, effective immediately, and until further order of this Court.
Gonzalez, EJ., Saxe, Abdus-Salaam, Manzanet-Daniels and Román, JJ., concur.
Respondent suspended from the practice of law in the State of New York, effective the date hereof for an indefinite period of time, and proceeding held in abeyance until further order of this Court, as indicated.