[988 NYS2d 624]

In the Matter of Mia D. Falls (Admitted as Mia Dionne Falls), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, July 10, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin M. Doyle* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Mia D. Falls was admitted to the practice of law in the State of New York by the First Judicial Department on July 29, 1997, under the name Mia Dionne Falls. At all times relevant to this proceeding, respondent's business address was located within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.16 (b) (1), suspending respondent from the practice of law for an indefinite period and until further order of the Court on the grounds that she is currently incapacitated from practicing law due to mental illness. In part, 22 NYCRR 603.16 (b) (1) provides:

> "Whenever the Departmental Disciplinary Committee shall petition this court to determine whether an attorney is incapacitated from continuing to practice law by reason of . . . mental infirmity or illness . . . this court may take or direct such action as it deems necessary or proper to determine whether the attorney is so incapacitated . . . . If, upon due consideration of the matter, this court is satisfied and concludes that the attorney is incapacitated from continuing to practice law, it shall enter an order suspending him [or her] on the ground of such disability for an indefinite period and until the further order of this court and any pending disciplinary proceedings against the attorney shall be held in abeyance."

In or about April 2013, the Committee received a complaint against respondent from her former law firm, primarily alleging that respondent had neglected matters and submitted false status reports on cases to the firm and to its clients.

In or about June 2013, the Committee wrote to respondent asking her to respond to the complaint. By letter dated July 11, 2013, respondent asked for an extension in light of the fact that she was on long-term disability for a "mental diagnosis," had not worked since April 2012, had been seeing a psychiatrist on a weekly basis since November 2011, and was taking medication which helped control her mental condition. Respondent further stated that she was "currently not in a position to answer any of the allegations against [her]."

Respondent's psychiatrist wrote a letter to the Committee on August 21, 2013, confirming that in her medical opinion respondent was "unable to respond to the complaint filed against her . . . [and] [a]t this time, we cannot foresee a point in time when she would be able to respond."

By letter dated December 20, 2013, the psychiatrist provided more details about respondent and her condition.

Respondent provided the Committee with an affirmation dated February 26, 2014, in support of her suspension based upon her mental illness or infirmity.

The Committee now argues that based upon respondent's admissions and consent, and her psychiatrist's letters to the Committee, which support the conclusion that respondent is currently incapacitated from practicing law due to mental illness, she should be immediately suspended (*see Matter of Serpe*, 106 AD3d 112 [1st Dept 2013] [Committee petitioned for attorney's suspension due to, inter alia, severe depression]; *Matter of Birman*, 286 AD2d 22 [1st Dept 2001] [Committee petitioned for attorney's suspension based on evidence of severe depression]; *Matter of Wolin*, 258 AD2d 37 [1st Dept 1999] [same]).

Since respondent has conceded in her affirmation that she is currently unfit to practice law, and her treating psychiatrist has written the Committee that respondent has been suffering for several years and continues to suffer from, among other things, severe depression and anxiety, and she is "unable to function as an attorney at this time," it has been sufficiently established that respondent is incapacitated from continuing to practice law due to mental illness or infirmity, and her immediate suspension is warranted.

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.16 (b) (1) is granted and respondent is suspended from the practice of law in the State of New York, effective immediately, for an indefinite period of time and until further order of this Court.

MAZZARELLI, J.P., MOSKOWITZ, DeGRASSE, MANZANET-DANIELS and KAPNICK, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof for an indefinite period of time, and proceeding held in abeyance until further order of this Court, as indicated.