Matter of Nagel (2018 NY Slip Op 02583)





Matter of Nagel


2018 NY Slip Op 02583


Decided on April 17, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rosalyn H. Richter,Justice Presiding,
Angela M. Mazzarelli
Troy K. Webber
Cynthia S. Kern
Jeffery K. Oing,Justices.


M-6424

[*1]In the Matter of Marcus K. Nagel, (admitted as Marcus Kalman Nagel), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Marcus K. Nagel, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Marcus K. Nagel, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on June 3, 1996.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Naomi F. Goldstein, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Marcus K. Nagel was admitted to the practice of law in the State of New York by the First Judicial Department on June 3, 1996, under the name Marcus Kalman Nagel. At all times relevant to this proceeding, respondent maintained an office and resided within the First Judicial Department. Respondent currently resides in California.
The Attorney Grievance Committee (the Committee) seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.14, immediately suspending respondent from the practice of law until further order of the Court on the grounds that he is currently incapacitated from practicing law due to mental illness. Respondent was served with the Committee's motion at his California address but no response has been submitted to this Court.
By letter dated October 30, 2017, New York County Supreme Court Justice Kathryn E. Freed advised the Committee that based upon respondent's appearance before her in a pending ejection action, she questioned respondent's fitness and capacity to practice law.
According to a verified complaint filed in or about November 2016, respondent's co-op, among other things, sought possession of his apartment and terminated his proprietary lease after
having determined respondent's conduct was dangerous and objectionable. After respondent defaulted on the complaint, the co-op moved, by order to show cause (OSC), for a default judgment and an injunction, enjoining him from, among other things, leasing or permitting others from using the apartment, and from harassing, threatening and intimidating building residents and members of the Board of Directors by, inter alia, "bang[ing] on their doors in the middle of the night, verbally assault[ing] them and...intimidat[ing] them with obscene language." Justice Freed signed the OSC which was returnable on February 7, 2017.
On March 21, amended on April 4, 2017, Justice Freed granted the default judgment and injunction, giving the co-op immediate possession of the apartment, directing the Sheriff to evict respondent and any occupants, and appointing a referee to conduct the sale of the apartment.
After the court granted this relief but before execution of the judgment, the Commissioner of Social Services of the City of New York stepped in and moved for the appointment of a guardian ad litem for respondent. Included with that application was an affirmation in support from a psychiatrist employed by New York City's Human Resources Administration's Customized Assistance Services. The psychiatrist reported that on November 21, 2016, he performed an evaluation of respondent at the subject apartment, after Adult Protective Services had referred him for an evaluation in the context of him facing eviction. The psychiatrist wrote that respondent was a securities attorney who worked for corporate clients on a contract basis until February 2016; since then he had been receiving unemployment benefits. Respondent denied having any savings and the psychiatrist found his apartment "spare."
The psychiatrist opined that respondent had "developed a delusion that his co-op has hired people to sabotage him at work and to harass and assault him at home in order to force him out of his apartment"; that he "demonstrates confusion and contradictory thinking that may accompany psychosis"; that he has "no insight into his psychotic disorder"; and that his "insight and judgment [is] impaired." Respondent reported that he has been taken by EMS to Bellevue Hospital several times, always on an involuntary basis, that he was admitted twice, each time for two weeks, and that he had also been observed and released from the Comprehensive Psychiatric Emergency Program.
In the psychiatrist's opinion, respondent "cannot represent himself in housing or any other court due to his belief in a paranoid conspiracy and lack of insight . . . . For this reason he requires the appointment of a Guardian ad Litem."
In her letter, Justice Freed explained that although the co-op did not formally oppose the appointment of a guardian, on the return date counsel orally objected and stated that he was aware that respondent was representing others in court. This possibility led Justice Freed "to believe that there is some urgency" to giving the Committee notice.
As noted, the Committee now seeks an order pursuant to 22 NYCRR 1240.14 immediately suspending respondent based upon his incapacity. 22 NYCRR 1240.14(b) provides:
"At any time during the pendency of a disciplinary proceeding or an investigation [*2]conducted pursuant to these Rules, the Committee, or the respondent, may apply to the Court for a determination that the respondent is incapacitated from practicing law by reason of mental disability or condition, alcohol or substance abuse, or any other condition that renders the respondent incapacitated from practicing law. Applications by respondents shall include medical proof demonstrating incapacity. The Court may appoint a medical expert to examine the respondent and render a report. When the Court finds that a respondent is incapacitated from practicing law, the Court shall enter an order immediately suspending the respondent from the practice of law and may stay the pending proceeding or investigation. Upon reinstatement of the incapacitated attorney pursuant to § 1240.17 of these rules, the Court may take such action as it deems advisable, including a direction for the resumption of the proceeding or investigation."
While subsection (b) does not require the Committee to provide medical proof demonstrating incapacity (as is required of a respondent who initiates an incapacity motion), the Committee has nonetheless done so by submitting the psychiatrist's affirmation summarizing his evaluation of respondent's mental status.
Here, the Committee has presented sufficient evidence that respondent is incapacitated from continuing to practice law and that his immediate suspension is warranted pursuant to 1240.14 (see Matter of Falls, 121 AD3d 83 [1st Dept 2014] [granting medical suspension based upon, inter alia, letters from treating psychiatrist]; Matter of Serpe, 106 AD3d 112 [1st Dept 2013] [granting medical suspension based upon evidence of severe depression]).
Accordingly, the Committee's motion should be granted, and, pursuant to 22 NYCRR 1240.14, respondent is suspended from the practice of law, effective immediately, and the pending investigation is stayed until further order of this Court.
All concur.
Order filed. [April 17, 2018]
Motion is granted pursuant to 22 NYCRR 1240.14, and respondent is suspended from the practice of law in the State of New York, effective the date hereof, and the pending investigation is stayed until further order of this Court.