Matter of Shotkin (2019 NY Slip Op 04898)





Matter of Shotkin


2019 NY Slip Op 04898


Decided on June 18, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, Presiding Justice, David Friedman, Barbara R. Kapnick,Troy K. Webber, Peter H. Moulton, Justices.


&em;

[*1]I. Frederick Shotkin, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, I. Frederick Shotkin, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 29, 1951.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Jeremy S. Garber, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent I. Frederick Shotkin was admitted to the practice of law in the State of New [*2]York by the Second Judicial Department on March 29, 1951, under the name Isaiah Frederick Shotkin. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
By order of January 10, 2019, this Court immediately suspended respondent from the practice of law, and until further order of this Court, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1) and (3), for his willful noncooperation with the Attorney Grievance Committee's (AGC) investigation based on his repeated failure to appear for a deposition as directed by judicial subpoena (168 AD3d 99 [1st Dept 2019]).
Now, by notice of motion dated February 21, 2019, respondent, who is 91 years old, seeks an order accepting his nondisciplinary resignation from the practice of law, pursuant to 22 NYCRR 1240.22(a), due to his "advanced age... poor health, wife's illness and other personal problems that now make it impossible for [him] to competently and professionally practice law."
The AGC opposes, arguing that because respondent is the
subject of a pending investigation into his professional misconduct, he is not eligible for a nondisciplinary resignation. Rather, the AGC's position is that respondent would have to move under 22 NYCRR 1240.10 for a disciplinary resignation, which would require him to admit that he cannot defend himself on the merits against the allegations of misconduct at issue. The pending investigations against respondent involve dishonored checks drawn against various escrow or IOLA accounts, misuse of an attorney escrow account to shield personal funds from an IRS tax lien, and allegations that his law firms filed frivolous and retaliatory lawsuits against clients who requested a refund of legal fees, requested fee arbitration or filed disciplinary complaints.
Alternatively, the AGC asserts that respondent may seek to convert his suspension for noncooperation into an application for a medical disability suspension while an investigation is pending, pursuant to 22 NYCRR 1240.14(b) based on respondent's assertion that his physical health renders him incapacitated from practicing law.
In reply, respondent adopts the AGC's alternative suggestion and now requests that his interim suspension be converted to an indefinite medical disability suspension, effective nunc pro tunc to the date of his interim suspension, under 22 NYCRR 1240.14(b). Respondent asserts that a medical suspension is warranted because his advanced age and physical health "incapacitates [him] from practicing law." Respondent has submitted a letter from his internist, who states that he "recommend[s] that [respondent] terminate practice because of progressive physical maladies that have rendered him unable to realistically practice law or make the arduous trip in to New York City. [Respondent] suffers from high blood pressure, atrial fibrilation, congestive heart failure, progressive deafness and ataxia. Individually these illness[es] would make his job difficult but collectively they make stopping his practice of law imperative."
Finally, respondent states that "[i]n view of my request for a medical suspension I am not dealing with the portion of the AGC's affirmation in opposition outlining alleged professional misconduct against me except to state that I can and will defend myself against such charges if I am physically able to do so."
In its sur-reply, the AGC states that in light of respondent's internist's medical opinion and recommendation the AGC does not oppose conversion of respondent's interim suspension to a medical suspension under rule 1240.14(b); however, the AGC opposes making respondent's suspension retroactive to the date of his interim suspension.
Respondent persistently and repeatedly failed to cooperate with the AGC's ongoing investigation. Notably, however, in his opposition to the AGC's motion to suspend him, respondent did not attribute his failure to cooperate to an incapacity to practice law.
Given the medical opinion expressed by respondent's doctor, respondent's interim suspension should be continued as a medical suspension under rule 1240.14(b) but not be made nunc pro tunc to his January 10, 2019 suspension (see Matter of Birman, 286 AD2d 22 [1st Dept 2001]).
Accordingly, respondent's motion to resign should be denied, his alternative request for [*3]an order continuing his suspension in accordance with 22 NYCRR 1240.14(b) is granted to the extent that his suspension should be continued for an indefinite period and until further order of this Court.
All concur.
Order filed. [June 18, 2019]
Respondent's motion for an order pursuant to 22 NYCRR 1240.22(a), accepting his affidavit of resignation, and based upon that affidavit, striking his name from the roll of attorneys and counselors-at-law in the State of New York, is denied. Respondent's alternative request for an order continuing his suspension in accordance with 22 NYCRR 1240.14(b) is granted to the extent that respondent's suspension is continued for an indefinite period, and until further order of this Court.