Matter of Roussin (2022 NY Slip Op 05004)

Matter of Roussin

2022 NY Slip Op 05004

Decided on August 23, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 23, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Troy K. Webber,J.P.,
Cynthia S. Kern
Angela M. Mazzarelli
Jeffrey K. Oing
Peter H. Moulton, JJ.

Motion No. 2022-01674 Case No. 2022-01630 

[*1]In the Matter of Lucille A. Roussin, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Lucille A. Roussin, (OCA Atty. Registration No. 2845360), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 15, 1997.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Orlando Reyes, Esq., of counsel), for petitioner.
Richard A. Altman, Esq., for respondent.

Per Curiam 

Respondent Lucille A. Roussin was admitted to the practice of law in the State of New York by the First Judicial Department on September 15, 1997. Respondent's last registered address listed with OCA is her attorney's office which is within the First Department.
The Attorney Grievance Committee (AGC) moves for an order pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.14(b) immediately suspending respondent from the practice of law on the ground that she is incapacitated from practicing law by reason of a medical condition, based on evidence that she is suffering from a neurological illness.
In or about December 2020, the AGC received a complaint from a trustee of an Irrevocable Trust (Trust). The complaint alleged that in 2016, respondent was named as a trustee of the Trust and under the terms of a trust resolution, respondent agreed not to make any withdrawals, transfers or disbursements from the Trust's bank accounts.
On December 17, 2019, respondent transferred $30,000 from the Trust's bank account to her own personal bank account and the next day, she transferred approximately $30,000 from her bank account to a third-party in another country. On December 19, 2019 respondent transferred $50,000 from the Trust's bank account to her personal bank account but the next day, she personally appeared at a bank branch and transferred the $50,000 back to the Trust. Although respondent also tried to reverse the $30,000 transfer to the third-party, she was unsuccessful and has yet to return the funds despite the Trust's written demands that she do so.
In March and April 2021, the AGC wrote respondent directing her to answer the disciplinary complaint but she did not comply. In July 2021, this Court issued a subpoena duces tecum directing respondent to testify on July 30, 2021 at an examination under oath and produce documents related to the complaint. The subpoena was mailed to her registered address, which was her attorney's law office; respondent did not appear nor did she respond to the AGC's related communications. On August 24, 2021, respondent's attorney wrote the AGC, advising that when he returned to his office after having been away for most of the summer he discovered the AGC's letters to respondent. He explained that respondent no longer works with him and gave an out-of-state address where she had moved and where he forwarded the AGC's correspondence. By letter dated September 13, 2021, the AGC sent a copy of the complaint and the subpoena to respondent's new address.
On or about October 13, 2021, respondent telephoned the AGC Staff Attorney. She provided a new out-of-state address and other contact information, she stated that she had just received the September 13 mailing from the AGC and was unaware that it had been trying to contact her about the complaint, and averred that she was suffering from Alzheimer's disease [*2]and would be unable to address the allegations against her. AGC's staff states that during that call respondent "sounded confused and seemed unable to fully understand the reason that the [AGC] had been attempting to reach her, the substance of the allegations against her, and that she was required to formally address the claims against her in writing, no matter how many times the information was explained to her. Respondent stated that she might retain her friend, who is an attorney, to represent her before the [AGC]." Counsel was retained and appeared on her behalf. On December 13, 2021, counsel submitted an answer to the complaint on respondent's behalf stating that she "is quite concerned about [the allegations], she seems unaware of what actually happened, and has been unable to explain to me exactly what did happen. To some extent, therefore, I am providing the AGC with my own conclusions, based upon my review of the bank records," conversations with respondent's daughter and his notes from conversations with respondent in 2020. He believes a "fraud [was] perpetrated" on respondent which she was unaware of:
"Around two years ago, she suffered several small strokes, which exacerbated what had already been diagnosed as the beginning stages of Alzheimer's. Around the time of the incident of which complaint complains, it was apparent to me that she was already suffering cognitive impairment, which was affecting both her short-term memory and her judgment. This is confirmed by a letter from her attending physician dated May 26, 2020. Her impairment would also seem to be supported by the fact that the Manhattan District Attorney declined to bring charges after its investigation, apparently having concluded that the necessary criminal intent was lacking."
Respondent, who is 79 years old, has been in an out-of-state assisted living facility since approximately May 2021 and, her daughter, who has full power of attorney and control over respondent's finances, which was decimated because of excessive credit card debt, told counsel that her mother continues to be a victim of minor scams of funds from her bank account. According to conversations counsel had with respondent in early 2020, when her "cognitive impairment was already apparent to me," respondent had no recollection of having authorized the transfer from the Trust, believing she was a victim of identity theft when, in fact, bank officials advised that she had authorized the transfer. Based on information counsel gathered, he has concluded that a third party convinced respondent to transfer the funds by falsely claiming to be an agent of the Trust. He states that her meager resources are insufficient to reimburse the Trust for its loss. Respondent's counsel concludes by requesting that "the AGC make an order pursuant to 22 NYCRR [1240.14] temporarily suspending Ms. Roussin from the practice of law on the ground that she is suffering from a disability by reason of infirmities which make it impossible [*3]to adequately defend herself against the charges." Furthermore, respondent's counsel states that respondent's "inability to understand exactly what happened, let alone to explain it to me, is clear evidence of her infirmity."
Counsel also enclosed a May 26, 2020 letter from respondent's physician, an Assistant Professor of Neurology at the Neurological Institute of New York at Columbia University Medical Center, who tends to respondent's "neurologic care [at] the Columbia Neurology Aging & Dementia Clinic." He attests that respondent "has cognitive deficits including significant memory loss. Because of progression of these symptoms she is no longer able to safely live by herself and needs to move out as soon as possible so that she can be taken care of by her family, who are out of state."
In view of the foregoing, the AGC moves for an order, pursuant to 22 NYCRR 1240.14(b), deeming respondent incapacitated for the purposes of practicing law and immediately suspending her:
"The allegations against respondent are undoubtedly serious, insofar as they involve the misappropriation of a substantial amount of money, for which the aggrieved party may not be reimbursed. The evidence attached to this motion, however, including [counsel's] representations and submissions on respondent's behalf and the factual assertions that are part of the complaint, indicates that at the time respondent's actions were affected by a cognitive impairment due to a neurological disorder. The evidence also shows that respondent is no longer capable of practicing law because of the same ongoing neurological illness."
In response, respondent's counsel has provided a copy of an email dated June 2, 2022 from respondent's daughter advising that her mother seems unable to comprehend the reality of her situation, her condition has been deteriorating and still lives in an assisted living facility, she confuses her sister with her daughter, and continues to be the victim of scam artists, thus, respondent does not oppose the motion. However, counsel asks the Court "to minimize the damage that a public suspension will do to [respondent's] reputation, by fully explaining her condition and noting the absence of any evidence of fault on her behalf."
In reply, the AGC argues that counsel's affirmation further supports respondent's immediate suspension and, with respect to counsel's request to protect respondent's reputation, the AGC asks the Court to make factual findings that are consistent with the evidence submitted with the motion.
The AGC has presented sufficient evidence, including medical, that respondent suffers from a medical condition which has resulted in her inability to continue to practice law, and her immediate suspension based upon incapacity is warranted under 22 NYCRR 1240.14(b) (see e.g. Matter of Cantrell, 176 AD3d 38 [1st Dept 2019]; Matter of Nagel, 161 AD3d 95 [1st Dept 2018]; Matter of Falls, 121 AD3d 83 [1st Dept 2014]; Matter of Rabinowitz, 97 AD3d 192 [1st Dept 2012[*4]]).
Accordingly, the AGC's motion should be granted and respondent is immediately suspended from the practice of law, and the AGC's pending investigation shall be stayed until further order of this Court.
All concur.
IT IS ORDERED that the motion pursuant to 22 NYCRR 1240.14(b) for a determination that the respondent, Lucille A. Roussin, is incapacitated from practicing law by reason of a medical condition is granted, and the respondent is immediately suspended from the practice of law pursuant to 22 NYCRR 1240.14(b) on the ground that she is incapacitated from practicing law based on evidence that she is suffering from a neurological illness, for an indefinite period of time and until further order of the Court; and
IT IS FURTHER ORDERED that the disciplinary investigation commenced by the Attorney Grievance shall be stayed until further order of this Court; and
IT IS FURTHER ORDERED that the respondent, Lucille A. Roussin, shall promptly comply with this Court's rules governing the conduct of disbarred and suspended attorneys (see 22 NYCRR 1240.15); and
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Lucille A. Roussin, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that if the respondent, Lucille A. Roussin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: August 23, 2022