Matter of Wexler
2026 NY Slip Op 03761
June 16, 2026
Appellate Division, First Department
Per Curiam.
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Marshall Abraham Wexler, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Marshall Abraham Wexler (OCA Atty. Reg. No. 5652904), Respondent.

Supreme Court, Appellate Division, First Judicial Department
Decided and Entered: June 16, 2026
Motion No. 2026-02018|Case No. 2025-04224|
Present — Hon. Barbara R. Kapnick, Justice Presiding, Martin Shulman Julio Rodriguez III Bahaati E. Pitt-Burke John R. Higgitt

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Louis J. Bara, of counsel), for petitioner.
Respondent, pro se.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Marshall Abraham Wexler, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 27, 2019.

Per Curiam.
[*1]
Respondent Marshall Abraham Wexler was admitted to the practice of law in the State of New York by the Second Judicial Department on February 27, 2019. Respondent was registered in the First Department when the present disciplinary investigation commenced (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
As relevant here, by order dated October 24, 2025, this Court granted the motion of the Attorney Grievance Committee (AGC) for an order compelling respondent to submit to a mental health evaluation, and ordered respondent to submit to a mental health evaluation conducted by a board-certified psychiatrist within 30 days of the order's entry. The order and notice of entry were served on October 28, 2025.
After protracted email correspondence between the AGC and respondent, respondent failed to appear for his scheduled evaluation on January 13, 2026. Now, by motion dated April 8, 2026, the AGC seeks an order pursuant to 22 NYCRR 1240.9(a)(1) immediately suspending respondent from the practice of law until further order of this Court, based on his failure to appear for the ordered mental health evaluation. Respondent has not submitted a response.
The record demonstrates respondent's steadfast refusal to comply with this Court's October 24, 2025 order directing him to submit to a mental health evaluation. Respondent was repeatedly advised of both the requirement that he appear for the examination and the potential disciplinary consequences of noncompliance. Despite those warnings, respondent failed to cooperate with scheduling efforts, engaged in repeated obstructive and abusive communications with the AGC, sought delay without properly obtaining relief from this Court, and ultimately failed to appear at the scheduled date and time.
The AGC has therefore satisfied its burden under 22 NYCRR 1240.9(a)(1), and respondent should be immediately suspended from the practice of law pending further order of this Court (see Matter of Stewart, 296 AD2d 1 [1st Dept 2002]).
Accordingly, the AGC's motion should be granted, and respondent suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for interim suspension, pursuant to 22 NYCRR § 1240.9(a)(1), is granted, and respondent, Marshall Abraham Wexler, is suspended from the practice of law in the State of New York effective immediately, and until further order of this Court; and
[*2]
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Marshall Abraham Wexler, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Marshall Abraham Wexler, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Marshall Abraham Wexler, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith; and
It is further Ordered that, within 20 days of the date of service of this order, respondent Marshall Abraham Wexler, may submit a request, in writing, to this Court for a post-suspension hearing (see 22 NYCRR 1240.9[c]).
Entered: June 16, 2026